■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN CASTILLO, Appellant.—Judgment, Supreme Court, New York County (Martin H. Rettinger, J., at plea and sentence), rendered July 11, 1990, convicting defendant, upon his plea of guilty, of the crime of robbery in the second degree, and which sentenced him to an indeterminate term of imprisonment of from 5 to 10 years, unanimously affirmed.

Defendant pleaded guilty to robbery in the second degree in full satisfaction of Indictment No. 2138/88 which included three counts of robbery in the first degree, eight counts of robbery in the second degree, nine counts of kidnapping in the second degree and two counts of criminal possession of a weapon in the fourth degree. At sentencing, defendant requested leave to withdraw his plea, asserting his innocence

and stating, *inter alia,* that his attorney had misinformed him of the plea agreement by advising him "not to worry" about receiving a sentence of 5 to 10 years on the second degree robbery count. On appeal, the defendant alleges that he was not given a reasonable opportunity to advance his claims and that he and his attorney were engaged in an adversarial relationship at sentencing which warranted reassignment of counsel and the granting of his motion to withdraw his plea of guilty.

Clearly, the decision to allow a defendant to withdraw his guilty plea rests within the sound discretion of the court. *(People v Billingsley,* 54 NY2d 960.) Defendant's claim that counsel misrepresented the sentencing terms of the plea bargain agreement thereby creating an adversarial relationship between he and counsel is belied by the minutes of the sentence proceedings.

A conviction on the more serious charges facing defendant could have subjected him to consecutive terms of 12½ to 25 years imprisonment. On the second degree robbery conviction alone, defendant could have been sentenced to a maximum term of 7½ to 15 years. As a result of counsel's efforts, the court imposed the sentence of 5 to 10 years, having advised defendant at the plea proceeding that this was the maximum he would receive.

In conclusion, we reject appellant's argument that defense counsel failed to provide him with meaningful representation. Concur—Milonas, J. P., Kupferman, Asch and Kassal, JJ.